UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23374-Civ-JORDAN
MAGISTRATE JUDGE P.A. WHITE

JEAN JOUBERT,                          :

    Petitioner,                      :

v.

                                     :        <u>REPORT OF</u>
WALTER A. McNEIL,                               <u>MAGISTRATE JUDGE</u>
                                       :
    Respondent.                      :
_____ :

## I. <u>Introduction</u>

Jean Joubert, a state prisoner confined at Okaloosa Correctional Institution at Crestview, Florida, has filed a <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his conviction entered in Case No. 00-29379 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County on the basis of ineffective assistance of trial counsel.[1]

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, the Court has the respondent's response to an order to show cause with multiple exhibits and the petitioner's reply.

---

[1]Specifically, Joubert alleges that he received ineffective assistance of trial counsel, because his lawyer (1) improperly conceded his guilt without his consent; (2) failed to advise him that the self-defense jury instruction would be available only if he testified at trial; (3) failed to investigate and raise self-defense at trial; and (4) failed to seek the suppression of his post-arrest statement. (Petition at 5-17)(DE# 1).

II. <u>Procedural History</u>

The procedural history of this case is as follows. On June 15, 2001, Joubert was convicted after jury trial of the offense of second degree murder with a firearm and he was sentenced to a life term of imprisonment. (DE# 14; Ex. B). Joubert took a direct appeal from his conviction and sentence and, during the pendency of the appeal, appellate counsel discovered that trial counsel had been granted a disciplinary resignation during his representation of Joubert. <u>See</u> <u>State v. Joubert</u>, 847 So.2d 1023, 1023-24 (Fla. 3 DCA 2003). Based upon this information, Joubert filed in the trial court a motion to vacate his second degree murder conviction, alleging that trial counsel's disciplinary resignation and disbarment, effective May 24, 2001, deprived him of effective assistance of counsel. <u>Id</u>. A hearing was conducted by the trial court on Joubert's motion. <u>Id</u>. The trial court concluded that the facts of the case constituted a *per se* violation of the Sixth Amendment and the motion was therefore granted. <u>Id</u>. The state unsuccessfully appealed the trial court ruling. <u>Id</u>. at 1023-26. After a new trial, Joubert was again convicted and he was once again sentenced to a life term of imprisonment. (DE# 14; Ex. C, D). Joubert's conviction and sentence were affirmed by the state appellate court in a decision without written opinion issued on June 15, 2005. <u>See</u> <u>Joubert v. State</u>, 905 So. 2d 140 (Fla. 3 DCA 2005).

Joubert next pursued <u>pro</u> <u>se</u> postconviction relief, first filing on February 22, 2006, a motion pursuant to <u>Fla.R.Crim.P</u>. 3.850, alleging the identical four claims of ineffective assistance of trial counsel presented in this federal petition. (DE# 14; Ex. H). He subsequently amended his motion to include a fifth challenge to his conviction and sentence. (DE# 14; Ex. I). In his newly added claim, he alleged that one of the assistant public defenders who

had represented him at trial had not been licensed to practice law and he had not consented to the representation by a certified legal intern. Id. The trial court conducted an evidentiary hearing on the motion, after which the trial court entered a thorough and well-reasoned written order finding that all claims raised were meritless pursuant to the standard established in Strickland v. Washington, 466 U.S. 668 (1984).[2] (DE# 14; Ex. J). The trial court's ruling was affirmed by the appellate court in a *per curiam* decision without written opinion. Joubert v. State, 972 So. 2d 191 (Fla. 3 DCA 2007)(table). The mandate issued on January 4, 2008, after Joubert's motion for rehearing was denied. (DE# 14; Ex. M).

Days later, on January 6, 2008, Joubert filed in the Florida Third District Court of Appeal a pro se pleading entitled, "Petition for Leave to File Habeas Corpus for Ineffective Assistance of Appellate Counsel Notwithstanding Expiration of Two (2) Year Time Limit Regarding 9.141 Fla.R.App.Proc.," alleging that he received ineffective assistance of appellate counsel when his lawyer did not raise on direct appeal the issue that the trial court improperly refused to instruct the jury on the theory of self-defense based upon his failure to testify in his own behalf at trial. (DE# 14; Ex. N). Joubert conceded that his petition was untimely filed, but asserted that he should be permitted to file the belated petition. Id. He explained that his petition was late because of his limited knowledge of the law and his limited access

---

[2]In denying the motion, the trial court made the following specific findings of fact and conclusions of law: (1) Joubert's testimony was not credible; (2) trial counsel had conceded the facts of the case but did not in fact concede Joubert's guilt; (3) Joubert's testimony that he had not been advised to testify was not credible, and trial counsel's testimony that he in fact advised Joubert to testify was credible; (4) trial counsel was not ineffective for failing to suppress the post-arrest statement; and (5) the filed and executed copy of Joubert's consent to representation by the certified legal intern was in sufficient compliance with the rule. See Order Denying Defendant's Motion for Post Conviction Relief. (DE# 14; Ex. J).

to the law library and prison law clerks. Id. The state filed a response, arguing *inter alia* that the petition was time barred in that Fla.R.App.P. 9.141(c)(4)(B) requires a claim of ineffective assistance of appellate counsel to be raised within two years after the judgment and sentence become final on direct appeal, unless it is alleged under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. (DE# 14; Ex. O). The state also asserted that Joubert's grounds for filing his untimely petition were legally insufficient. Id. By order entered on July 11, 2008, the Florida appellate court denied the petition without explanation. Joubert v. State, 990 So.2d 1075 (Fla. 3 DCA 2008)(table). The case was disposed of without mandate on September 4, 2008, after Joubert's motion for rehearing was denied. (DE# 14; Ex. P).

## III. Statute of Limitations

Approximately three months after all state court proceedings had concluded, Joubert filed in this Court on December 2, 2008,[3] the instant federal pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. In response to the order to show cause, the respondent solely asserts that this petition should be dismissed as untimely filed. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A);[4]

---

[3]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus and, therefore, deems the petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008).

[4]The statute provides that the limitations period shall run from the latest of —

Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[5] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in rare and exceptional cases. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(holding that for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). See also Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United

---

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[5]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

<u>States</u>, 177 F.3d 1269, 1271 (11 Cir. 1999).

The judgment of conviction and sentence in the instant case became final on September 13, 2005, ninety days after the Florida Third District Court of Appeal affirmed Joubert's conviction and sentence on direct appeal after his retrial. <u>See</u> <u>Jimenez v. Quarterman</u>, 129 S.Ct. at 685; SUP.CT.R. 13(1). This federal petition for writ of habeas corpus challenging the instant conviction was not filed until December 2, 2008, well-beyond one-year after the date on which the conviction and sentence became final. Accordingly, as correctly asserted by the respondent, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Joubert pursued postconviction challenges to his conviction and sentence in both the state trial and appellate courts. Review of the record reveals that Joubert is only entitled to tolling time credit for the time that his Rule 3.850 postconviction proceedings remained pending (i.e., from February 22, 2006, through January 4, 2008). He is not entitled to statutory tolling time for the time that the state habeas corpus proceedings were pending (i.e., January 6, 2008, through August 7, 2008), because the state petition was not timely filed pursuant to applicable state rules. <u>See</u> <u>Fla.R.Crim.P</u>. 9.141(c)(4)(B).[6] Since

---

[6]In Florida, as of January 1, 1997, a petition alleging ineffective assistance of appellate counsel must be brought within two years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. <u>Fla.R.Crim.P</u>. 9.141(c)(4)(B). In Florida, the judgment and sentence become final when the appellate court on direct appeal issues its mandate to the trial court. <u>See</u> <u>Shaw v. State</u>,  780 So.2d 188, 190 (Fla. 2 DCA 2001). In this case, the mandate issued on July 1, 2005 (DE# 14; Ex. G), giving Joubert until July 2, 2007, to file his state petition. He did not

the state petition was clearly untimely filed, it is not considered a properly filed application for State post-conviction relief or other collateral review proceedings for limitation purposes. See Artuz v. Bennett, 531 U.S. 4 (2000). See also Pace v. Diguglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(holding that petitioner's state postconviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed" within the meaning of the statutory tolling provision of AEDPA limitations period; even though state court accepted and reviewed the state petition on its merits, and state statute of limitations contained certain exceptions to the time bar, in that timeliness of a state petition was condition to filing and petitioner did not meet any exceptions to the state statute of limitations). See also Drew v. Department of Corrections, 297 F.3d 1278, 1284-85 (11 Cir. 2002)(holding that claims considered procedurally barred under state law by reason of untimeliness are not "properly filed" and can therefore not toll the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA)). This principle remains true even if the claims were also reviewed on the merits. See Gorby v. McNeil, 530 F.3d 1363, 1367 (11 Cir. 2008)(held that even if the Florida Supreme Court reached the merits, consideration of the merits cannot alone convert a motion for post-conviction relief that no one disputes is time-barred under state law into a properly filed motion for tolling purposes under AEDPA).

After affording Joubert all the tolling time credit for which he is entitled, the instant petition was due in this Court on or

_____

file his state petition until January 6, 2008.

before July 28, 2008.[7] Joubert waited until December 2, 2008, to file his petition. Unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, <u>see</u> §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period, the petition is time-barred. From review of Joubert's petition and reply to the respondent's response, it is apparent that Joubert has conceded that his petition is untimely.[8] <u>See</u> Petition at 3-5; Traverse to the Answer. (DE# 1, 13). Joubert claims, however, that for various enumerated reasons he is entitled to be excused from the one-year limitation period based upon the doctrine of equitable tolling.

Specifically, Joubert states that he is Haitian and he primarily speaks Creole. He maintains that he was unable to fully communicate with inmate law clerks to obtain legal assistance in that he is unable to read and write beyond the third-grade level. He claims that he required assistance from a bilingual inmate law clerk and, until recently, there were no available Creole-speaking inmate law clerks to assist him. Joubert argues that his inability to speak, read and write the English language and his inability to

---

[7]Specifically, Joubert filed his Rule 3.850 motion 161-days after his conviction and sentence became final for federal statute of limitations purposes. He then had 204-days from January 4, 2008 (i.e., until July 28, 2008), in which to file a proper state postconviction application to toll the limitations period or file his federal habeas petition. No such proper state postconviction petition was filed and this federal petition was not filed until after the expiration of the applicable one-year limitation period.

[8]Generally, this Court enters an order to the petitioner, requiring him or her to state whether one or more of the four statutory factors, <u>see</u> 28 U.S.C. §2244(d)(1)(A)-(D), justifies consideration of this petition for writ of habeas corpus. The order advises the petitioner that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition as time barred. The petitioner in this case was not so notified. However, because Joubert included in his federal petition specific reasons why he believed the petition should not be time barred, the order was not necessary in this case.

obtain assistance from a bilingual inmate law clerk prevented him
from timely pursuing state postconviction and then timely federal
habeas corpus relief.  He also contends that he had limited access
to the prison law library due to his close management confinement.
He further claims that his federal petition was untimely filed,
because he had been misled by an inmate law clerk to believe that
his state habeas corpus petition would toll the federal limitations
period. He finally states that he has recently been released from
close management confinement to the open prison population and his
current Creole-speaking inmate law clerk has advised him to seek
equitable tolling of the federal limitations period from January 16
through August 7, 2008 (i.e., the approximate time that his state
habeas corpus proceeding was pending). Joubert has not demonstrated
that he is entitled to equitable tolling on any of the grounds
alleged.

As to Joubert's claim that he is not entitled to equitable
tolling on the basis of his language difficulties, such a claim has
been expressly rejected by the Eleventh Circuit Court of Appeals as
well as other courts. See U.S. v. Montano, 398 F.3d 1276, 1280, n.
5 (11 Cir. 2005)(claim that language difficulties prohibited
petitioner from timely discovering a legal argument did not
constitute "extraordinary circumstances" as to justify equitable
tolling of the one-year filing requirement in §2255). See also
Cobas v. Burgess, 306 F.3d 441, 444 (6 Cir. 2002)(holding that
inability to read and speak English is not in itself a sufficient
basis for equitably tolling a failure to meet §2244(d)(1)
requirements); Hughes v. Idaho State Bd. of Corrections, 800 F.2d
905, 909 (9 Cir. 1986)(holding that illiteracy of pro se petitioner
not sufficient cause to avoid procedural bar); Cortez v. Petrovsky,
2006 WL 289113 (M.D.Fla. February 7, 2006)(rejecting Petitioner's
claim that he was entitled to equitable tolling of limitations

period established in §2244(d) on basis that Florida Department of Corrections did not provide Spanish speaking interpreters to non-English speaking inmates and that he could not read or write to understand what the Court required under 2244(d)). As aptly pointed out by the United States District Court for the Middle District of Florida in *Cortez*, "[w]ere this Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking." Id. at *2. Thus, lack of proficiency in the English language and illiteracy are not considered extraordinary circumstances or external factors that may excuse the many and oftentimes complex procedural requirements a prisoner encounters when seeking federal habeas corpus relief.

Joubert's next claim that he is entitled to equitable tolling on the basis of his pro se status and lack of education in the law is also unavailing. Such factors are also not considered extraordinary circumstances or external factors to excuse an untimely petition. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d 1319, 1323 (11 Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required); United States v. Flores, 901 F.2d 231, 236 (5 Cir.1993)(holding that pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ).

Further, the Eleventh Circuit has held that ordinary attorney

negligence does not justify equitable tolling.  <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11 Cir. 2000)(holding that attorney negligence does not justify equitable tolling). <u>See also</u> <u>Downs v. McNeil</u>, 520 F.3d 1311, 1325 (11 Cir. 2008)(reaffirming that "ordinary attorney negligence does not warrant equitable tolling"). "When an attorney miscalculates a deadline, fails to adequately raise a potential meritorious claim, or otherwise makes a run-of-the-mill mistake, a habeas petitioner must live with the consequences of the error." <u>Downs</u>, 520 F.3d at 1325. The Eleventh Circuit has expressly held that equitable tolling should not apply where an attorney misadvised his client as to the triggering of the AEDPA's one-year limitation. <u>Helton v. Sec'y. Dept. Of Corr.</u>, 259 F.3d 1310, 1313 (11 Cir. 2001). Accordingly, any negligence on the part of an inmate law clerk with regard to the federal deadline certainly would not justify equitable tolling. Prisoners who assist other prisoners with legal matters "are not subject to the ethical and fiduciary obligations of lawyers. If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitation[] period, the time-bar would be rendered virtually meaningless." <u>Henderson v. Johnson</u>, 1 F.Supp.2d 650, 655 (N.D.Tex. 1998). Any misadvice regarding the calculation of the federal limitation period and/or any other misadvice regarding the tolling of the state habeas corpus petition given to Joubert by an inmate law clerk, therefore, does not warrant the extension of the limitation period here. Also, it is interesting to note that Joubert, while maybe not literate and maybe not fully conversant in the English language, was able to file a proper <u>pro</u> <u>se</u> state postconviction motion pursuant to <u>Fla.R.Crim.P</u>. 3.850 before the expiration of the Florida two-year statute of limitation period.

Finally, the alleged restriction on access to the prison law library does not warrant the granting of equitable tolling in this

case.[9] Prison officials typically provide prison law libraries or legal assistants to ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Lewis v. Casey, 518 U.S. 343, 356 (1996). However, the Constitution does not guarantee a prisoner unlimited access to the law library. Prison officials of necessity must regulate the time, manner and place in which library facilities and legal assistant programs are used. See Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9 Cir. 1985). In addition, access to law libraries may be restricted of necessity by common prison occurrences such as placement in administrative segregation/disciplinary confinement. The courts have, therefore, held that transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances warranting equitable tolling. See Akins v. United States, 204 F.3d 1086, 1089-90 (11 Cir. 2000)(holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in a lockdown situation), cert. denied, 531 U.S. 971 (2000); Lindo v. Lefever, 193 F.Supp.2d 659, 663 (E.D N.Y. 2002). Thus, even if Joubert's confinement resulted in restricted access to the prison law library, such

---

[9]This Court points out that Joubert has provided no documentation whatever from the Florida Department of Corrections regarding the dates that he was allegedly confined in close management and/or the amount of time he was permitted to visit the prison law library. Absent supporting evidence in the record, a court generally cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir.1991)(recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)). See also Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983). It is noted, however, that review this date of the database of the Florida Department of Corrections indicates that Joubert is currently housed in close management. See http://www.dc.state.fl.us. For purposes of this federal proceeding, this Court will assume that Joubert was confined to close management for the time period alleged in his petition.

assertion does not entitle him to equitable tolling.

If Joubert were to maintain that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies before filing the instant petition, any such claim would also be meritless. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000); See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence). The record also does not demonstrate that Joubert was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus, and actually indicates to the contrary as revealed by the above-reviewed state postconviction proceedings.

## IV. Conclusion

The time-bar is ultimately the result of Joubert's failure to properly and timely institute state postconviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on December 2, 2008, is untimely, Joubert's claims challenging the lawfulness of his conviction are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits.

It is therefore recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C.

§2244(d)(1)-(2).[10]


    Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.


    SIGNED this 29th day of December, 2009.


_____
UNITED STATES MAGISTRATE JUDGE


cc:   Jean Joubert, Pro Se
      DC# B01802
      Okaloosa Correctional Institution
      3189 Little Silver Road
      Crestview, FL 32539-6708

      Linda S. Katz, AAG
      Department of Legal Affairs
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131

---

[10]Even if this petition were to be deemed timely, it appears from review of the record as a whole that Joubert is not entitled to relief in this federal habeas corpus proceeding in that his claims are meritless for the reasons expressed by the trial court in its order denying the Rule 3.850 motion and the state's response filed in the state habeas corpus petition. See 28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (1999). See also Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009)(stating that "because the Strickland [v. Washington, 466 U.S. 668 (1984)] standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."), citing, Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam).