UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-23374-CIV-JORDAN

JEAN JOUBERT           )
                       )
    Petitioner         )
                       )
vs.                    )
                       )
WALTER A. MCNEIL       )
                       )
    Respondent         )
_____)

**CLOSED CIVIL CASE**

### ORDER DISMISSING HABEAS PETITION AS UNTIMELY AND CLOSING CASE

Following a de novo review of the record, including Mr. Joubert's objections [D.E. 17], I adopt the report and recommendation issued by Magistrate Judge White [D.E.16]. Accordingly, Mr. Joubert's habeas corpus petition is dismissed as time-barred.

In his objections, Mr. Joubert reasserts his arguments that he is entitled to equitable tolling for a number of reasons, taken individually and collectively. I disagree. First, Mr. Joubert's inability to speak English and communicate with inmate law clerks is insufficient to warrant equitable tolling. *See, e.g., United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (citing cases). Second, the same is true of Mr. Joubert's pro se status. *See, e.g, Rich v. Dept. of Corrections*, 2008 WL 4183930, *2 (11th Cir. 2008). Third, any negligence or incorrect advice by inmate law clerks is insufficient for equitable tolling. *See, e.g., Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000). Fourth, given that he has not indicated when or how long he was in close management, Mr. Joubert cannot use the alleged restriction to the law library to obtain equitable tolling. *See, e.g., Sanchez v. United States*, 2006 WL 622585, *2-*3 (11th Cir. 2006). Finally, this is not one of those cases where the separate arguments for equitable tolling, though individually insufficient, call for equitable tolling when considered collectively. Mr. Joubert was able to file with the state courts not only a Rule 3.850 motion for post-conviction relief, but also a petition for leave to file a habeas corpus petition outside the two-year time limit. There are no extraordinary circumstances on this

record. *See, e.g., Glover v. Palmer,* 2008 WL 2433199, *7 (E.D. Mich. 2008).

This case is closed.

Done and ordered in chambers at Miami, Florida, this 5th day of February, 2010.

_____
Adalberto Jordan
United States District Judge

Copies to Magistrate Judge White, counsel of record, and Jean Joubert, pro se, DC # B01802, Okaloosa Correctional Institution, 3189 Little River road, Crestview, FL 32539-6708.

2